UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| In Re:<br><br>SHELDON H. CLOOBECK,<br><br>    Debtor.<br>_____<br><br>GILBERT DREYFUSS,<br><br>    Appellant,<br><br>v.<br><br>TIMOTHY S. CORY,<br><br>    Appellee.<br>_____ | 2:12-CV-1506-LRH-VCF<br><br>ORDER |

     Before the court is appellant Gilbert Dreyfuss' ("Dreyfuss") appeal from an order of the United States Bankruptcy Court denying his objection to the Chapter 7 Trustee's final report. Doc. #6.[1] Timothy S. Cory ("Cory"), the Chapter 7 Trustee for the Estate of debtor Sheldon H. Cloobeck ("Cloobeck"), filed an answering brief. Doc. #8.

     Also before the court is Cory's motion to strike portions of Dreyfuss' designation of record. Doc. #3.

---

[1] Refers to the court's docketing number.

**I.     Facts and Background**

On January 12, 2005, debtor Cloobeck initiated the underlying bankruptcy by filing a voluntary Chapter 11 petition. The bankruptcy case was subsequently converted to a Chapter 7 action on October 12, 2005, at which time Cory was appointed as the Chapter 7 Trustee for the debtor's estate.

On May 13, 2009, Cory, as trustee, made a payment in the amount of $340,895.00 to the Internal Revenue Service ("IRS") for purported income tax liability of the estate incurred for the tax year 2005. Three years later, on May 9, 2012, Cory filed his Trustee's Final Report with the bankruptcy court. In response, on June 13, 2012, Dreyfuss, the single largest creditor of the estate, filed an objection to the final report contesting the $340,895.00 payment to the IRS.

On July 6, 2012, the bankruptcy court conducted a hearing on the Trustee's Final Report and Dreyfuss' objection thereto. At the hearing, the bankruptcy court denied Dreyfuss' objection as procedurally improper and lacking evidentiary support. Subsequently, the bankruptcy court approved the Trustee's Final Report, including the $340,895.00 payment to the IRS. Thereafter, Dreyfuss initiated the present appeal. Doc. #1.

**II.     Legal Standard**

A bankruptcy court's resolution of an objection is reviewed for abuse of discretion. *Bitters v. Networks Elec. Corp.*, 195 B.R. 92, 96 (9th Cir. BAP 1996). "An abuse of discretion occurs when no reasonable person could take the view adopted by the court." *Konop v. Hawaiian Airlines, Inc.*, 386 B.R. 251, 257 (D. Hawaii 2008).

A district court reviews a bankruptcy court's findings of fact for clear error. *In re Rucker*, 570 F.3d 1155, 1160 (9th Cir. 2009). A bankruptcy court's findings are clearly erroneous when the reviewing court "is left with a definite and firm conviction that a mistake has been committed." *In re Clark*, 262 B.R. 508, 514 (9th Cir. BAP 2001).

///

**III.   Discussion**

In his appeal, Dreyfuss contends that the bankruptcy court erred in denying his objection and affirming the Trustee's Final Report. Specifically, Dreyfuss argues that there was no basis for the trustee to pay the IRS tax and therefore, it was error for the bankruptcy court to approve any final report that included such a payment. *See* Doc. #6.

The court has reviewed the documents and pleadings on file in this matter and finds that the bankruptcy court did not abuse its discretion in denying Dreyfuss' objection for both procedural and evidentiary deficiencies. First, the court agrees with the Bankruptcy court that Dreyfuss's objection was severely untimely. Dreyfuss knew of the payment to the IRS back in 2009, but did not file an objection to the payment until the final report in 2012, three years after the payment had been made.

Second, the court agrees with the bankruptcy court that Dreyfuss' objection was not supported by any evidence and failed as a substantive matter. In particular, Dreyfuss failed to provide the 2005 tax return that was the subject of his objection. Further, Dreyfuss failed to submit any evidence that the estate did not owe or incur any tax obligations for that year. Rather, Dreyfuss' objection was based solely on unsubstantiated speculation and unsupported argument. In contrast, at the hearing the bankruptcy court found that "there's sufficient evidence to find that the Trustee acted responsibly and reasonably with respect to filing the tax returns of the estate. Not only was the estate's accountant used to prepare those returns, but they were . . . checked independently by Price Waterhouse." Doc. #9, Exhibit 1, p.23. Thus, based on the evidence before the bankruptcy court at the hearing, there was no basis to sustain Dreyfuss' objection. Therefore, the court finds that the bankruptcy court did not err in denying Dreyfuss' untimely and unsupported objection to the Trustee's Final Report and the court shall dismiss his appeal accordingly.

///

///

IT IS THEREFORE ORDERED that appellant's bankruptcy appeal (Doc. #1) is DENIED and this action, 2:12-cv-1506, is DISMISSED in its entirety.

IT IS FURTHER ORDERED that appellee's motion to strike designation of record (Doc. #3) is DENIED as moot.

IT IS SO ORDERED.

DATED this 12th day of February, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

4